**JENSEN et al. v. BURNQUIST, Atty.**
**Gen. et al.**

**Civ. No. 4079.**

United States District Court,
D. Minnesota, Fourth Division.

Sept. 17, 1952.

Kenneth M. Owen, Charles F. Noonan and Jule M. Hannaford of the firm of Dorsey, Colman, Barker, Scott & Barber, Minneapolis, Minn., for plaintiffs.

George B. Sjoselius, Deputy Atty. Gen., State of Minnesota, and Irving Gotlieb, Sp. Asst. Atty. Gen., for defendants.

Before SANBORN, Circuit Judge, NORDBYE, Chief Judge, and JOYCE, District Judge.

PER CURIAM.

Plaintiffs challenge the validity of and seek under the provisions of Title 28, Sections 2281 and 2284 of the Judicial Code, an interlocutory and permanent injunction restraining the defendants from enforcing those provisions of paragraph 1, Section 325.04 of Minnesota Statutes, 1949, as amended, M.S.A., which relate to the giving, offering to give, or advertising the intent to give away any commodity, article, goods, wares or merchandise for the purpose or with the effect of injuring competitors and destroying competition. The challenged section reads as follows:

. "325.04. Selling below cost forbidden. Any retailer or wholesaler, engaged in business within this state, who sells, offers for sale or advertises for sale, any commodity, article, goods, wares, or merchandise at less than the cost thereof to such vendor, or gives, offers to give or advertises the intent to give away any commodity, article, goods, wares, or merchandise for the purpose or with the effect of injuring competitors and destroying competition, shall be guilty of unfair discrimination; and, upon conviction, subject to the penalty therefor provided in section 325.48, subdivision 1."

The reference to subdivision 1 of Section 325.48 is an error, for Clause 1, Subdivision 2 of Section 325.48 governs the penalty and makes a violation of the above section a misdemeanor.

Plaintiffs are co-partners engaged in the retail grocery business at Golden Valley, Minnesota, and are one of 137 retail grocery stores in Minnesota licensed to use the trade name of either "Super Valu Food Store" or "U-Save Food Store", the title to which lies in Winston & Newell Co., a Delaware corporation engaged in the wholesale grocery business in Minneapolis. Each of the retail stores is owned by an independent retail merchant, who, as a condition to the use of the trade name, must purchase the merchandise they sell from Winston & Newell Company. The latter is not a party to this action. Plaintiffs bring this action on behalf of all the stores in Minnesota licensed to use the above trade names, purporting to represent a class within the meaning of Rule 23(a), Federal Rules of Civil Procedure, 28 U.S.C.A. Jurisdiction of this court is based upon the claim that the matter in controversy arises under the Constitution of the United States and exceeds the sum or value of $3000, exclusive of interest and costs.

The complaint alleges that all the retail grocery stores licensed to use the above

trade names have made arrangements to commence a joint advertising program for the purpose of advertising the fact that the year 1952 is the tenth year in which the above trade names have been used by independent merchants, said program being as follows:

"(a) Beginning on May 15, 1952, and continuing thereafter for a period of ten days, each person who enters such store may fill out an entry blank on which is recorded his name and address and deposit the same in a receptacle provided for that purpose. Such person may fill out an entry blank whether or not he makes a purchase and may fill out as many entry blanks as he wishes.

"(b) On May 24, 1952, a drawing of these entry blanks will be held at each such store and each person whose name appears on the entry blank so drawn will be awarded free of charge an RCA Victor Radio, Model 1X51. Each such store will award free of charge one such radio, but some will award more than one.

"(c) Each entry blank so drawn at each Super Valu Food Store and each U-Save Food Store will be sent to a central location where an additional drawing will be held after May 24, 1952. The first seven holders of the entry blanks so drawn at such drawing will each be awarded, free of charge, one 13½ cubic foot Ben Hur Freezer, plus $150 worth of frozen foods. The second seven holders of the entry blanks so drawn at such drawing will each be awarded, free of charge, one Easy Spindrier Washer, plus a full year's supply of FAB, a soap used in operating said washing machine."

The complaint also alleges that it has been and still is the policy and practice of plaintiffs, the persons on behalf of whom this suit is brought, and other retail merchants, to stimulate business and create good will among their customers and persons who enter their places of business, by giving from time to time to such persons, gifts of varying types and in varying manners; that this policy is necessary to the existence of successful merchandising, and that neither this policy nor the above program have as their purpose or effect to injure or destroy competition.

Plaintiffs claim to have satisfied all the jurisdictional prerequisites to the issuance of an injunction and assert the unconstitutionality of the portion of Section 325.04 that prohibits give-away programs because

"1. Such prohibition is arbitrary and unreasonable and in violation of the due process clause of the Fourteenth Amendment:

"2. Such prohibition, because it prohibits a normal business practice regardless of intent, is in violation of the due process clause of the Fourteenth Amendment:

"3. Such prohibition discriminates between manufacturers on the one hand and wholesalers and retailers on the other in violation of the equal protection clause of the Fourteenth Amendment:

"4. Such prohibition, because of the exception contained in Section 325.06, is vague and uncertain, in violation of the due process clause of the Fourteenth Amendment."

The complaint alleges further that defendants charge that plaintiffs will violate said Section 325.04 if they carry out their program and threaten to arrest and criminally prosecute plaintiffs, their officers and employees; and, that as a result plaintiffs are prevented from carrying on and conducting their business in conformity with their usual and customary practice and with sound and legitimate business practices; that Section 325.04 provides for penalties so severe as to render it impracticable and dangerous for plaintiffs to test the constitutionality of said statute in criminal proceedings.

A temporary restraining order was issued on May 14, 1952, and thereafter a three-judge court was impaneled and the matter submitted for final determination on June 2, 1952. It now appears that, under the protection of the temporary restraining order, plaintiffs proceeded with their advertising and carried out their give-away

program on May 24 and May 31, 1952. The benefit of the advertising and the give-away programs in order to attract the attendance of prospective customers to plaintiffs' store has been carried out. Defendants contend, therefore, that the controversy is now moot by the complete performance by plaintiffs of that which is allegedly in violation of the statute referred to. But we shall consider the controversy as still pending in that if we determine to accept jurisdiction, there is a showing that the challenged practices will arise again in future give-away programs which the Super Valu and U-save Stores intend to follow.

■ At the outset, it must be clear that the invalidity of a state law is not of itself grounds for equitable relief in a Federal Court. The controlling question before us is whether plaintiffs have made a sufficient showing that the need for equitable relief by injunction is imminent in order to prevent great and irreparable injury. See American Federation of Labor v. Watson, 327 U.S. 582, 66 S.Ct. 761, 90 L.Ed. 873.

■ This is a so-called spurious class suit in that there is a common question of law and fact which pertains to some 115 grocery stores licensed in Minnesota by Winston & Newell Co., which in the future may participate in one or more of the so-called give-away programs instituted by the Winston & Newell Co. However, no other store owners have intervened herein. The alleged irreparable damage to be sustained in the event any present or proposed give-away program is halted arises, first, on account of the alleged inability to recoup the losses in advertising expenditures which would result if the State proceeded by injunction to restrain such program as being violative of the statute in question; and second, that the plaintiffs are threatened with immediate and irreparable injury in being subject to arrest and prosecution by state authorities. Neither contention justifies the intervention of this court under the circumstances presented. The advertising launched by the Winston & Newell Co. in presenting its so-called give-away program allegedly benefits all of the stores participating in the event. There are 137 stores in Minnesota, and the share that each would

have to expend in support of its program is a relatively small amount. The prizes are furnished by the various manufacturing concerns at no cost to the Winston & Newell Co., and it may be noted that the specimen advertising submitted covers not only the so-called give-away features to attract customers to the stores, but the greater part of the advertising is concerned with allegedly attractive bargains in various commodities handled by the Super Valu and U-Save Stores. Obviously, if the State proceeded by injunction proceedings, the give-away programs may be halted until the determination of the legality of the statute involved. But the other advertising features in the proposed advertising which sets forth the attractive bargains in merchandise would be unrestricted and would continue. And in the event of intervention by state authorities in a State Court, the same constitutional objections, State and Federal, could be lodged by plaintiffs to such proceedings. The challenged statute is now one of the duly adopted laws of this State. If it is unconstitutional and plaintiffs desire to test the law, there is no requirement that there be any prescribed involvement of money in any give-away program or for advertising such event in order to bring about an opportunity for plaintiffs to have their day in court. Presumably, a nominal expenditure for so-called give-away programs would bring about the necessary intervention by state authorities so as to enable plaintiffs to challenge the law's validity. We express no view as to the soundness of plaintiffs' contention in asserting that the law is violative of their constitutional rights and that there must be an intent to injure competitors and destroy competition in order to constitute a legal wrong. If these views are sound, the State Court should be given the opportunity first to determine their soundness in absence of great and irreparable injury. The showing here falls far short of any such danger.

■ The alleged threat of criminal prosecution and consequent irreparable injury is likewise devoid of any real substance. No criminal proceedings have been threatened. Heretofore all proceedings under

the law by state authorities have been by way of application for injunctive relief. The offense is a misdemeanor. The assertion that employees of the various stores are in fear of criminal proceedings against them and that they threaten to leave their employment unless protected by a restraining order herein is without the slightest foundation. Moreover, Federal Courts should not halt criminal proceedings in the State Court in absence of great and immediate irreparable injury. If criminal proceedings were instituted, which is exceedingly remote in view of the showing here, plaintiffs could challenge such proceedings in State Court and raise all of the constitutional barriers thereto upon which plaintiffs rely herein.

The views of the Supreme Court in Douglas v. City of Jeannette, 319 U.S. 157, at page 163, 63 S.Ct. 877, at page 881, 87 L.Ed. 1324, are particularly apposite:

"It is a familiar rule that courts of equity do not ordinarily restrain criminal prosecutions. No person is immune from prosecution in good faith for his alleged criminal acts. Its imminence, even though alleged to be in violation of constitutional guaranties, is not a ground for equity relief since the lawfulness or constitutionality of the statute or ordinance on which the prosecution is based may be determined as readily in the criminal case as in a suit for an injunction. * * * Where the threatened prosecution is by state officers for alleged violations of a state law, the state courts are the final arbiters of its meaning and application, subject only to review by this Court on federal grounds appropriately asserted. Hence the arrest by the federal courts of the processes of the criminal law within the states, and the determination of questions of criminal liability under state law by a federal court of equity, are to be supported only on a showing of danger of irreparable injury 'both great and immediate.'"

And see, Watson v. Buck, 313 U.S. 387, 61 S.Ct. 962, 85 L.Ed. 1416. The facts in Parker v. Brown, 317 U.S. 341, 63 S.Ct.

307, 87 L.Ed. 315, are readily distinguishable from the case at bar.

It does not appear from this record that there are any of the exceptional circumstances existing which are required to be found before this Court, in the proper exercise of discretion, can undertake to interfere by injunction with the operation of a state statute. As was stated in Stainback v. Mo Hock Ke Lok Po, 336 U.S. 368, 383, 69 S.Ct. 606, 615, 93 L.Ed. 741.

"* * * We think that where equitable interference with state and territorial acts is sought in federal courts, judicial consideration of acts of importance primarily to the people of a state or territory should, as a matter of discretion, be left by the federal courts to the courts of the legislating authority unless exceptional circumstances command a different course. We find no such circumstances in this case."

The prayer for an injunction is therefore denied and the complaint dismissed. A decree in accordance with the conclusions herein may be presented.

An exception is allowed.