**DERMOTT SPECIAL SCHOOL DISTRICT OF CHICOT COUNTY,**
Plaintiff,

v.

**John W. GARDNER, as Secretary of the Department of Health, Education, and Welfare, and Harold Howe, II, as United States Commissioner of Education, Defendants.**

**Civ. A. No. PB 66C-94.**

United States District Court
E. D. Arkansas,
Pine Bluff Division.

Jan. 5, 1968.

Robert V. Light of Smith, Williams, Friday & Bowen, Little Rock, Ark., for plaintiff.

T. Michael Foster, U. S. Dept. of Justice, Washington, D. C., W. H. McClellan, U. S. Atty., Little Rock, Ark., for defendants.

## MEMORANDUM OPINION

OREN HARRIS, District Judge.

This action is brought by the plaintiff, Dermott Special School District of Chicot County, involving a federal question arising under the Constitution and laws of the United States; to-wit, the Fourteenth Amendment to the Constitution of the United States, exceeding the sum of $10,000.00, exclusive of interest and costs; the Civil Rights Act of 1964 § 2000a et seq. of Title 42 of the United States Code; and Regulations issued pursuant to the Civil Rights Act of 1964, Title VI. Jurisdiction of this Court is also based on diversity of citizenship, and the amount involved exceeding $10,000.00, exclusive of interest and costs. Relief is also sought

under 28 U.S.C.A. §§ 2201 and 2202 for declaration of rights and other legal relations of the parties.

The Plaintiff School District challenges the validity of "guidelines" promulgated by the Department of Health, Education and Welfare (hereinafter "H.E.W."). The plaintiff contends that the defendants in their official capacities are requiring compliance with the 1966 guidelines as a prerequisite to its eligibility for federal financial assistance, and that the conduct of such officials in this regard is unlawful and in excess of their statutory authority in several respects.

The Defendants question the jurisdiction of the Court and move to dismiss the action on grounds (1) the action is barred by the doctrine of sovereign immunity, (2) the action is barred by the doctrine of exhaustion of administrative remedies, and (3) that the regulations promulgated by the Department of H.E.W. and the 1966 guidelines are valid as a matter of law.

Subsequently the Plaintiff filed a motion for partial summary judgment on the grounds that as a matter of law (1) the guidelines are invalid because they are in excess of Defendants' statutory authority and are designed to achieve objectives that are in violation of the Civil Rights Act of 1964, (2) that the course of conduct of the Defendants in enforcement of the guidelines is in excess of their statutory authority and is designed to achieve objectives that are in violation of the Civil Rights Act of 1964, (3) that the guidelines are invalid because they have not had the approval of the President as required by § 602 of the Civil Rights Act of 1964, and (4) that the Defendants' practice of "deferral" without an opportunity to be heard is in excess of their statutory authority and in violation of the Civil Rights Act of 1964.

The Plaintiff requested that the motions be determined on the record, which included depositions of H.E.W. officials and responses by Defendants to Request for Admissions. The Defend-ants requested a hearing prior to disposition of the motions, which was granted and held on June 1, 1967. Both parties have filed extensive briefs in support of and in opposition to the competing motions.

In 1965 the Plaintiff adopted a freedom of choice desegregation procedure acceptable to and approved by H.E.W. The plan of desegregation as to the mechanics followed substantially procedures prescribed previously by H.E.W. As a result the Plaintiff received federal financial assistance in the form of grants for certain educational programs and activities through H.E.W. Title VI of the Civil Rights Act of 1964 is headed "Nondiscrimination in Federally Assisted Programs", and under § 602 of the Title certain regulations were promulgated and approved as required for the effectuation of the Title.

For the school year of 1965–66 only fourteen Negro students chose to attend the formerly white school and no white students chose to attend the formerly colored school. Also under the freedom of choice plan of desegregation approved by H.E.W. for financial assistance under the Act only twelve Negro students chose to attend the formerly white school during the school year 1966–67. There is no evidence of any intimidation or coercion of Negroes seeking to exercise their right under this freedom of choice plan of desegregation.

In March of 1966 the Commissioner of Education, Defendant Howe, issued the Department's "Revised Statement of Policies of School Desegregation Plans Under Title VI of the Civil Rights Act of 1964". This has become familiarly known as H.E.W. "guidelines" of 1966.

After the 1966 guidelines were issued the Commissioner requested the Plaintiff to file a document assuring compliance. H.E.W. insisted that the Plaintiff take some action that would result in additional Negro students being assigned to the predominantly white school as a prerequisite to the school's continued eligibility for federal financial assistance.

On June 3, 1966, the Plaintiff was notified by Defendant Howe that it was not in compliance with the guidelines due to failure to submit certain Form 441–B and that federal financial aid was being "deferred". The "Deferred" status amounts to a withholding of federal financial assistance not already committed to the district, but permitted continued receipt of such funds for programs already approved until the end of the fiscal year. At that time, with certain exceptions, all federal financial assistance would be withdrawn. The Defendants' practice of "deferral" is challenged by the Plaintiff, but the disposition of the case makes it unnecessary to reach that question.

At the time of the hearing, June 1, 1967, the Superintendent estimated that the Plaintiff had lost some $80,000.00 in federal funds for which it was otherwise eligible because of the Defendants' determination to withhold the funds.

Subsequent to the hearing Defendant Howe dismissed on June 23, 1967, the administrative proceedings pursuant to which the funds were being withheld, and restored Plaintiff's eligibility for federal financial assistance. Defendants thereafter assigned as an additional ground for their motion to dismiss on the basis that the proceeding was moot. Counsel on both sides filed additional briefs on the issues raised by the various motions, which are now before the Court for a determination.

■ Regardless of the issues, this is another school desegregation proceeding. Since the Brown case, decided in 1954, school districts are required to initiate a program and operate a constitutional school system. Since then there have been innumerable desegregation cases decided by the courts, which have made it abundantly clear that the district courts not only have jurisdiction, but are required to supervise school desegregation controversies within constitutional limits as interpreted by the Brown decision.

The Plaintiff School District voluntarily entered into a freedom of choice desegregation plan approved by the Commissioner of Education. The issues raised in this proceeding arise under this plan and its operation.

This Court, therefore, has jurisdiction and will consider the issues raised by the motions. Since the restoration of the Plaintiff's eligibility for federal funds and the School District has been receiving financial assistance under the Act without further interference or question by H.E.W., the Court has delayed consideration of the questions that brought about the filing of this proceeding. As the School District is operating under its freedom of choice plan of desegregation apparently satisfactory to H.E.W. the issues raised by the competitive motions should now be determined.

The Court will first consider the question of mootness. The restoration of eligibility for federal financial assistance did not cause the case to become moot. The complaint charges the Defendants with imposing upon the Plaintiff several unlawful prerequisites in order to receive federal financial assistance including the requirement that it achieve a racial balance in the assignment of students and that it comply with regulations (guidelines) which have not been approved by the President. It is alleged that both of these requirements are in direct violation of the Civil Rights Act of 1964.

■ It is a fundamental principle of law that a defendant cannot make an issue moot simply by abandoning the challenged activity. The Eighth Circuit dealt with this question in Morris v. Williams, 149 F.2d 703 (8 Cir., 1945). Negro teachers had challenged a usage and custom of paying them less than white teachers employed in similar circumstances by the Little Rock School District. On appeal the School District urged that the issue was moot because

subsequent to the trial the practice had been abandoned, wherein the Court said:

" * * * there is no assurance given in the statement of counsel that such usage and custom may not be resumed at any time, even though presently abandoned. * * * Since the controversy remains it is the duty of the court to adjudicate the issues presented. *They are not moot, and would not be moot even had the changes been made prior to trial.*" (emphasis supplied)

The case was remanded to the trial court with directions to enter a declaratory judgment on the issues raised by the pleadings.

This principle as stated by our Court of Appeals is fully sustained by applicable decisions of the Supreme Court of the United States. See United States v. W. T. Grant Co., 345 U.S. 629, 73 S.Ct. 894, 97 L.Ed. 1303 (1953) and Gray v. Sanders, 372 U.S. 368, 83 S.Ct. 801, 9 L.Ed.2d 821 (1963).

■ In the instant case there is no claim that the defendants have abandoned the challenged practices and no assurance that they will not pursue them in the future, even though the school is presently operating under a mutually satisfactory arrangement with H.E.W. Therefore, the suit is not moot.

In their motion to dismiss the Defendants contend that this case is barred by the doctrine of sovereign immunity. This question was recently considered by the United States District Court in South Carolina, Lee County School District No. 1 et al. v. Gardner and Howe, 263 F.Supp. 26 (1967). In that case, as in this one, the action of an executive official was challenged on the ground that the official was acting beyond his statutory or constitutional authority. The Court said:

"In such cases—where the action is to prevent the defendant officials from committing individual unlawful acts—the action is not against the sovereign and the doctrine of sovereign immunity does not apply. Citing numerous cases."

Also see Smith v. Katzenbach, 122 U.S. App.D.C. 113, 351 F.2d 810 (1965).

■ Therefore, the doctrine of sovereign immunity has no application wherein the complaint merely requests that the defendants be ordered to cease an allegedly unlawful interference with the flow of funds to which the plaintiffs are already otherwise legally entitled. Lee County School District No. 1 v. Gardner and Howe, supra.

■■ Neither is the Court persuaded that the doctrine of exhaustion of administrative remedies has any application in this case. The question was also disposed of in *Lee County.* There is also another reason for the rejection of the exhaustion requirement in this case. If the administrative remedy afforded is inadequate or involves undue delay, then exhaustion of that remedy is not required as a prerequisite to maintaining an action in court. Anthony Grace & Sons, Inc. v. United States, 345 F.2d 808, 170 Ct.Cl. 688 (1965). In the instant case the administrative proceedings drug on for over a year notwithstanding Plaintiff's repeated efforts to expedite them. Without reciting in detail the unilateral delays in the administrative proceedings that resulted from Defendants' actions, as sustained by the evidence and the record, the Court is of the opinion that the administrative remedies made available to the Plaintiff School District were sufficiently inadequate; the doctrine of exhaustion is therefore not applicable in this case.

However, the exhaustion doctrine passed out of the case when Defendants dismissed the administrative proceedings on June 23, 1967.

The remaining issue assigned by Defendants in support of their motion to dismiss is that the guidelines are valid as a matter of law. This is essentially a challenge to the merits of Plaintiff's case and, in light of the Court's decision as hereafter discussed, is not reached at this time. The plaintiff School District has

apparently satisfied H.E.W. Even though the guidelines are challenged as a matter of law the School District, as in this case, may voluntarily agree to comply in order to receive the financial assistance under the Act. It is admitted that the guidelines in question have not been approved by the President. It is contended by H.E.W. that they are merely statements of policy. The President previously approved regulations by which H.E.W. would administer the Civil Rights Act of 1964. Parenthetically to the extent, if any, that the guidelines in question are contrary to or in conflict with the provisions of the Act and regulations approved by the President and to such extent only they would be invalid.

■■ A final disposition of this issue at this time would require consideration of some constitutional questions of considerable magnitude. The courts appear to be reluctant to pass on such constitutional issues unless such decisions are indispensable to a proper disposition of the case. Since defendants have abandoned the challenged course of conduct, i. e. witholding of the funds, the Court feels warranted in deferring judgment on this issue unless or until withholding of such funds be renewed.

In view of the fact that the same issue is involved with the Plaintiff's motion for partial summary judgment and that by mutual agreement and understanding the School District is operating the school and receiving federal funds to which it is entitled under the law, it is unnecessary to dispose of this question raised by the motions of the parties at this time. Our Eighth Circuit has commented on this question recently when it said:

> "Nothing in this opinion shall be considered as relieving the appellee School District of any obligations that it has under the Civil Rights Act of 1964, including the responsibility of complying with the H.E.W. Guidelines, which they have voluntarily agreed to follow. To the extent that this opinion may constitute approval of said guidelines, it is not intended to deny

a day in court to any person in asserting any individual rights or to the Board of Education in contesting any section of the H.E.W. Guidelines." Kelley v. Altheimer, 378 F.2d 483, 499.

Since the Court has jurisdiction in this cause and disposing of all issues raised by the motions, with the exception of the validity of the H.E.W. Guidelines in question, jurisdiction will be retained for a period of two years from the date of entry of an order during which time any party may apply to the Court for any relief within the scope of the present pleadings or any amendments that may be filed thereto. Unless the period is extended by an order of this Court entered within two years from the date of said order, the cause will be treated as dismissed without prejudice to any party upon the expiration of that time.

An order will be entered accordingly.