The **INMATES OF MILWAUKEE COUNTY JAIL**, Harold W. Kindness, Robert A. Shank and Raymond White, on behalf of themselves and all other pretrial detainees held at the Milwaukee County Jail, Plaintiffs,

v.

Alvin **PETERSEN**, individually and in his capacity as Chief Jailer of the Milwaukee County Jail, et al., Defendants.

No. 70–C–545.

United States District Court,
E. D. Wisconsin.

Jan. 12, 1971.

Walter F. Kelly, Robert E. Sutton, Steven H. Steinglass, Milwaukee, Wis., for plaintiffs.

Robert P. Russell, Corporation Counsel, Milwaukee County, Wis., by James J. Bonifas, Deputy Corporation Counsel, Milwaukee, Wis., for defendants.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

This memorandum will consider two motions. The defendants have moved for dismissal of the complaint, and the plaintiffs have moved that the action be maintained as a class action.

The complaint charges that various practices and conditions in the Milwaukee county jail violate the constitutional rights of the plaintiffs. The grievances of the plaintiffs concern alleged inadequacies in relation to medical care, recreational facilities, sanitation, access to counsel, and also other jail conditions and practices.

## THE MOTION TO DISMISS

■ The motion to dismiss is bottomed on the general principle that federal courts are reluctant to interfere with the conduct of prisons, except in unusual cases. Thus, in Bethea v. Crouse, 417 F.2d 504, 505 (10th Cir. 1969), the court said:

"We have consistently adhered to the so-called 'hands off' policy in matters of prison administration according to which we have said that the basic responsibility for the control and management of penal institutions, including the discipline, treatment, and care of those confined, lies with the responsible administrative agency and is not subject to judicial review unless exercised in such a manner as to constitute clear abuse or caprice upon the part of prison officials."

A similar approach was adopted by this court in Medlock v. Burke, 285 F.Supp. 67 (E.D.Wis.1968). See also Banning v. Looney, 213 F.2d 771 (10th Cir. 1954), cert. denied, 348 U.S. 859, 75 S.Ct. 84, 99 L.Ed. 677 (1954); Wright v. McMann, 387 F.2d 519, 522–523 (2d Cir. 1967); Douglas v. Sigler, 386 F.2d 684, 688 (8th Cir. 1967).

There are, however, a number of recent cases which demonstrate that federal courts can and should be open to consider charges like those made in this complaint. Only upon the submission of the plaintiffs' proof will the court be able to determine whether the conditions complained about actually exist and are of such seriousness as to constitute a deprivation of federal constitutional protections. See Holt v. Sarver, 309 F. Supp. 362 (E.D.Ark.1970); Jordan v. Fitzharris, 257 F.Supp. 674 (N.D.Cal. 1966). In 84 Harv.L.Rev.No. 2, p. 456 (December, 1970), the editors reviewed *Holt* and stated the following at page 458:

"* * * Courts have traditionally been the institutions which protect individuals from unconstitutional action by government and its officials. Such protection is totally lost if the courts fail to effectively review administrative decisions made within prisons, since the low political visibility of prisons places virtually absolute power in the hands of prison personnel."

I conclude that the defendants Petersen and Wolke are not entitled to dismissal. However, a different ruling must apply to the other named defendants who are sued "individually and in their respective capacities as members of the Board of Supervisors of Milwaukee County". Insofar as the board

members are sued individually, the dismissal should be granted; insofar as they are sued as members of the board, dismissal should be denied. It is noted that damages are not specifically sought in this action.

Pursuant to Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), this action could not have been maintained against a municipal corporation, and the plaintiffs have not sued the county board of supervisors. However, although individual members of the county board are named, the complaint alleges no improper conduct on the part of any individual member of the board. Instead, the gravamen of the complaint, as I construe it, is that members of the board, as a board, deprived the plaintiffs of certain rights secured by the Constitution. If the board failed to provide an adequate physical plant in which to house persons detained by the sheriff, such claim would not be sufficient to support this action against the members as individuals in the absence of an allegation as to individual action by such members. Abel v. Gousha, 313 F.Supp. 1030, 1031 (E.D.Wis.1970).

## THE CLASS ACTION MOTION

■ With reference to the motion of the plaintiffs to maintain this action as a class action, it is my conclusion that such motion should not be granted. I doubt that adequate notice can reasonably be given to the members of the class. In the 20 years that I have served as a judicial officer in Wisconsin, I have had frequent occasions to visit the Milwaukee county jail to deal with individuals confined there. I take judicial notice of the fact that the turnover of detained persons at the county jail is great. Many individuals are held for only short periods of time, and many of them are transient as to their domicile.

The posting of notices and the publication of notices in newspapers would not, in my opinion, adequately reach those persons whom the plaintiffs seek

to have bound by this action. In Eisen v. Carlisle & Jacquelin, 391 F.2d 555, 568 (2nd Cir. 1968), the court said:

"While the Supreme Court has recognized that class actions represent an exception to the general rule under which only parties are bound by a judgment, the procedure adopted must conform to the requirements of due process and fairly insure the protection of absent parties who are to be bound. Hansberry v. Lee, 311 U.S. 32, 42, 61 S.Ct. 115, 85 L.Ed. 22 (1940). Notice, as an integral part of due process must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950)."

See also Pasquier v. Tarr, 318 F.Supp. 1350 (E.D.La.1970).

In my opinion, the effort which would be required to give reasonable notice to those persons who would be affected by the judgment, were this a class action, would create more problems than it would solve. This is especially true because of the probability that many members of the proposed class do not have a fixed abode in this vicinity. I am also not satisfied that the three individual plaintiffs in this action are, in fact, truly representative of the members of the class for whom they would purport to act. Hansberry v. Lee, 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22 (1940); Pelelas v. Caterpillar Tractor Co., 30 F.Supp. 173 (S.D.Ill.1939).

I note that in the plaintiffs' statement at the outset of its brief, it is asserted that on November 19, 1970, the court "sua sponte struck from the plaintiffs' pleading and papers all references" to certain organizations. This statement is incorrect; the court did order stricken the names of organizations which are listed at the end of the complaint as

groups which are "of counsel" to the lawyers who subscribed to the complaint.

Now, therefore, it is ordered that the defendants' motion for dismissal be and hereby is denied as to the defendants Petersen and Wolke and also as to those defendants sued in their capacities as members of the board of supervisors.

It is further ordered that the defendants' motion for dismissal be and hereby is granted as to those defendants sued in their individual capacities.

It is further ordered that the plaintiffs' motion to retain this action as a class action be and hereby is denied.