**Janet GUELICH, Plaintiff,**

**v.**

**MOUNDS VIEW INDEPENDENT PUB-LIC SCHOOL DISTRICT NO. 621 et al., Defendants.**

**No. 3–71–Civ–114.**

United States District Court, D. Minnesota, Third Division.

Jan. 6, 1972.

14. *Carroll*, at 161, 45 S.Ct. at 288.

R. Michael Wetherbee, Minneapolis, Minn., for plaintiff.

LeVander, Zimpfer & Tierney, Bernhard W. LeVander, Minneapolis, Minn., for defendants.

## MEMORANDUM & ORDER

DEVITT, Chief Judge.

At issue in this action brought under the Civil Rights Act, 42 U.S.C. § 1983 and its jurisdictional counterpart, 28 U.S.C. § 1343, is whether the administrative policy of defendant school district relative to compulsory maternity leave, as this policy was structured prior to August of 1971, constitutes a deprivation, under color of state law, of plaintiff's rights, privileges and immunities under the United States Constitution. On November 22, 1971, this court denied defendants' motion to dismiss the action for lack of subject matter jurisdiction holding that a cause of action properly

had been asserted under the Civil Rights Act.

The maternity leave policy of which plaintiff complains provided, "The employee shall apply for a leave of absence no later than four months previous to the expected date of normal birth of the child. . . . The employee must begin her leave no later than three months prior to the expected date of normal birth of the child." The policy also provided that the school board would determine the effective date of the leave.

Defendants have now moved under Rules 12(b) and 12(h) (2) for dismissal of the action on the grounds that plaintiff has failed to state a claim upon which relief may be granted. Defendants' position is that plaintiff's claims for equitable and declaratory relief have now been mooted and her claim for damages is not cognizable in this court. As matters outside the pleadings have been presented and not excluded by the court, the motion will be treated as one for summary judgment under Rule 56.

Defendants base their assertion that the action has been mooted upon the following. In August of 1971 defendant school district adopted a new maternity leave policy eliminating the provisions of which plaintiff complains. This new policy incorporated a flexible determination of how long a prospective mother may teach before the anticipated birth of her child and includes a provision that the last date of employment should be jointly determined by the teacher and her principal. This policy was not unilaterally adopted by the board but was enacted as a result of negotiations carried out between the board and a teachers' organization.

Defendants contend that the new policy complies with proposed guidelines on sex discrimination issued by the Minnesota Department of Human Rights. An analysis of the policy and the proposed guidelines shows that defendants' position in this regard is sound. Defendants further contend that the enactment by the Minnesota Legislature in October of 1971 of the Public Employment Labor Relations Act of 1971, covering teachers, and providing for compulsory binding arbitration of grievances in the area of employer/employee relations, renders it virtually impossible for the school district to readopt the maternity leave policy which is the subject of plaintiff's complaint. Defendant Witter, Superintendent of the Mounds View Schools, in his affidavit filed in support of the motion to dismiss, indicates, "It is my firm conviction that readoption of this old maternity leave policy would never even be considered by the said school board."

It is clear that the federal courts are not empowered to decide moot questions or issue advisory opinions. North Carolina v. Rice, 404 U.S. 244, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971) ; United States v. Alaska Steamship Co., 253 U.S. 113, 40 S.Ct. 448, 64 L.Ed. 808 (1920). This impotence to review moot cases stems from the requirements of Article III of the Constitution. Liner v. Jafco Inc., 375 U.S. 301, 84 S.Ct. 391, 11 L.Ed.2d 347 (1964) ; Powell v. McCormack, 395 U.S. 486, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969). Although voluntary cessation of allegedly illegal conduct does not normally deprive the court of power to hear and determine the case, Walling v. Helmerich & Payne Inc., 323 U.S. 37, 65 S.Ct. 11, 89 L.Ed. 29 (1944) ; United States v. Trans-Missouri Freight Ass'n., 166 U.S. 290, 17 S.Ct. 540, 41 L. Ed. 1007 (1897) ; Morris v. Williams, 149 F.2d 703 (8th Cir. 1945) ; Dermott Special School District v. Gardner, 278 F.Supp. 687 (E.D.Ark.1968) ; Jensen v. Burnquist, 107 F.Supp. 446 (D.Minn. 1952), the case may become moot if the cause ceases to exist or if the defendant can demonstrate that there would be no reasonable expectation that the wrong will be repeated. Sears, Roebuck & Co. v. Carpet, Etc. Layers Local Union No. 419, 397 U.S. 655, 90 S.Ct. 1299, 25 L. Ed.2d 637 (1970) ; United States v. W.

T. Grant Co., 345 U.S. 629, 73 S.Ct. 894, 97 L.Ed. 1303 (1953); Solien v. Misc. Drivers & Helpers Union Loc. No. 610, 440 F.2d 124 (8th Cir. 1971), cert. denied, 403 U.S. 905, 91 S.Ct. 2206, 29 L. Ed.2d 680 (1970); United States v. Aluminum Co. of America, 148 F.2d 416 (2d Cir. 1945).

■ In the instant case, although the statement by the superintendent of the local schools would not in and of itself be sufficient to demonstrate that there is no reasonable expectation that the wrong will be repeated, all the facts taken together make it clear that the burden of meeting this requirement has been met. It does not seem feasible to contend that the board will re-enact the policy in question. There seems to be no question that plaintiff's claims for declaratory and injunctive relief have thus been mooted.

■■ But plaintiff asserts that even if her other claims are moooted, the court may continue to hear her cause for damages under the Civil Rights Act. This is not the law. Insofar as the complaint asserts damages against the school board, the action must fail since the board is not a person within the meaning of 42 U.S.C. § 1983. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L. Ed.2d 492 (1961); Harkless v. Sweeny Independent School District, 427 F.2d 319 (5th Cir. 1970), cert. denied, 400 U. S. 991, 91 S.Ct. 451, 27 L.Ed.2d 439 (1971); Harvey v. Sadler, 331 F.2d 387 (9th Cir. 1964); Morey v. Independent School District, 312 F.Supp. 1257 (D. Minn.1969), aff'd. 429 F.2d 428 (8th Cir. 1970). Similarly, where as here, the action becomes one solely for damages, it may no longer be maintained against individual members of the board. Morey v. Independent School District, *supra;* Lessard v. Van Dale, 318 F.Supp. 74 (E.D.Wisc.1970); Abel v. Gousha, 313 F.Supp. 1030 (E.D.Wisc. 1970).

Therefore the motion is allowed and summary judgment for defendants is granted.