Allen BENCE, as an Individual and as a representative of the class of Milwaukee Policemen similarly situated, Plaintiffs,

v.

Harold A. BREIER, as an Individual and as Chief of Police of the City of Milwaukee and the City of Milwaukee, a municipality, Defendants.

Civ. A. No. 70–C–730.

United States District Court, E. D. Wisconsin.

May 7, 1973.

Gerald P. Boyle, Milwaukee, Wis., for plaintiffs.

Thomas E. Hayes, Asst. City Atty., Milwaukee, Wis., for defendants.

**232**

## DECISION AND ORDER

REYNOLDS, Chief Judge.

The plaintiffs in this action are Milwaukee policemen and officers of the Milwaukee Professional Policemen's Protective Association. They allege that the defendant Harold A. Breier, the Chief of Police, disciplined them in violation of their constitutional rights, i.e., the department regulation under which they were disciplined is unconstitutional. Jurisdiction is predicated on 42 U.S.C. § 1983 and declaratory relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202.

Plaintiffs Bence and Hanneman are respectively the president and a trustee of the Milwaukee Professional Policemen's Protective Association (hereinafter. "Association"), the bargaining agent for members of the Milwaukee Police Department. During the summer of 1970 they were engaged in collective bargaining with Mr. James J. Mortier, the City's chief labor negotiator. One of the items being sought by the Association was pay for officers on "standby time," that is, off-duty time during which the officers are required to remain at home pending a possible call to duty. The City negotiator allegedly rejected this demand because officers are never made to stand by.

On July 14, 1970, Bence and Hanneman sent a letter to Mr. Mortier on Association stationery stating that City police officers had been placed on standby the night of July 13, 1970. In the letter they stated:

"None of these men on a regular off day July 13th, who were called to early duty on this regular off day, were compensated at the rate of time and one-half."

This statement was inaccurate. Thirty-six of the men who were called to duty were entitled to time and one-half under the existing collective bargaining agreement. Twenty of those men were paid the proper amount and the others were not because their supervisors failed to place the appropriate code on their time

cards. The letter was reproduced by the plaintiffs and posted on Association bulletin boards.

The erroneous statement was based on information received from policemen in one police district, and the plaintiffs made no attempt to verify the accuracy of their letter by consulting with superior officers. Nor did they attempt to have what they believed to be a breach of the collective bargaining agreement remedied by making an intradepartmental demand prior to issuing the letter.

In December 1970, both plaintiffs were verbally reprimanded by Chief Breier's representative for sending and posting the letter with the inaccurate information in it. A letter of reprimand was also placed in each officer's personnel file. The reprimand was made pursuant to Rule 44, Section 8, of the Rules and Regulations of the Milwaukee Police Department (hereinafter "Section 8"), which reads in relevant part:

"Any member of the Department may be dismissed from the service or suffer such other punishment as the Chief of Police may direct when charged with and when any of the following offenses are substantiated:

\*   \*   \*   \*   \*   \*

"Conduct unbecoming a member and detrimental to the service.

\*   \*   \*   \*   \*   \*

The plaintiffs allege that this regulation is both unconstitutional on its face and as applied to them. Both parties have requested the court to "proceed to the merits of the controversy between plaintiffs and the defendant Breier." I am treating this joint request as cross-motions for summary judgment.

■ I believe the challenged regulation is unconstitutionally vague on its face. A regulation is constitutionally deficient if it "either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application  \*  \*  \*."

Connally v. General Construction Co., 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926). That portion of the regulation in question proscribes conduct which is "unbecoming a·member" of the police department and "detrimental to the service." I do not think reasonable men can anticipate what behavior will violate this regulation. The scope of the remaining portions of Section 8 (Appendix A) reinforces this belief. Section 8 prohibits almost every form of malfeasance and misfeasance imaginable. After reading those specific things for which a police officer can be disciplined, it is hard to conceive of any behavior which is left to be punished as conduct "unbecoming a member." In short, the provision in issue creates a standard of conduct which is incapable of objective interpretation by the officers who must abide by it, the department officials who enforce it, or any tribunal which may review departmental disciplinary actions. It is simply too vague to withstand a constitutional challenge.

Even if the police department is not generally prohibited from enforcing vague disciplinary regulations, it would be under the circumstances of this case. This regulation is not overbroad on its face because it does not expressly prohibit any form of expression. However, the constitutional principles which render overbroad statutes and regulations a nullity bar the application of vague regulations in a manner which inhibit expression.

"The objectionable quality of vagueness and overbreadth * * * [is due to] the danger of tolerating, in the area of First Amendment freedoms, the existence of a penal statute susceptible of sweeping and improper application. Cf. Marcus v. Search Warrants, 367 U.S. 717, 733 [81 S.Ct. 1708, 1717, 6 L.Ed.2d 1127]. These freedoms are delicate and vulnerable, as well as supremely precious in our society. The threat of sanctions may deter their exercise almost as potently as the actual application of sanctions. Cf. Smith v. California, *supra*, [361 U.S. 147] at 151–154, [80 S.Ct. 215, 217–219, 4 L.Ed.2d 205]; Speiser v. Randall, 357 U.S. 513, 526 [78 S.Ct. 1332, 1342, 2 L.Ed.2d 1460]. Because First Amendment freedoms need breathing space to survive, government may regulate in the area only with narrow specificity. Cantwell v. Connecticut, 310 U.S. 296, 311 [60 S. Ct. 900, 906, 84 L.Ed. 1213]." N.A. A.C.P. v. Button, 371 U.S. 415, 432–433, 83 S.Ct. 328, 338, 9 L.Ed.2d 405 (1963).

It logically follows that if a regulation which regulates expression must be very specific, a regulation which is vague and nonspecific cannot be applied so as to inhibit a means of expression. If that were not so, a statute or regulation which is overbroad because of lack of specificity could be remedied by making it less specific; that is, by deleting anything which indicates that the rule specifically regulates a mode or means of expression.

In summation, police regulations may not be enforced if they are unconstitutionally vague. Flynn v. Giarrusso, 321 F.Supp. 1295 (E.D.La. 1971). That portion of Section 8 which allows the Department to punish officers who engage in "conduct unbecoming a member and detrimental to the service" is vague and unenforceable. Further, overbroad police regulations are unenforceable. Muller v. Conlisk, 429 F.2d 901 (7th Cir. 1970). Since this regulation is vague, the principles set forth in *Muller* and *Button* prohibit its enforcement against individuals engaging in a form of expression.

Since I find the regulation in question to be unconstitutionally vague on its face and invalid when applied to any means of expression, I do ´not have to determine if the plaintiffs were engaged in a means of expression protected by the First Amendment when they wrote the letter which resulted in the disciplinary action.

It is therefore ordered that the plaintiffs' motion for summary judgment be and it hereby is granted.

It is further ordered that the defendants' motion for summary judgment be and it hereby is denied.

It is further ordered that the defendants have the Milwaukee Police Department remove from its personnel records any official reprimands against Allen Bence and Carl Hanneman for violating Rule 44, Section 8, of the Rules and Regulations of the Milwaukee Police Department by preparing the communication dated July 14, 1970, which was sent to City Labor Negotiator James J. Mortier.

## APPENDIX A

### Charges

SECTION 8. Any member of the Department may be dismissed from the service or suffer such other punishment as the Chief of Police may direct when charged with and when any of the following offenses are substantiated:

Commission of a felony or misdemeanor under any law or ordinance whatsoever.

Intoxication.

Cowardice.

Habitual indulgence in narcotic drugs.

Insubordiantion or disrespect toward a superior officer.

Overbearing, oppressive, or tyrannical conduct in the discharge of duty.

Neglect of duty.

Neglect or disobedience of any order.

Absence from duty without leave.

Immorality.

Conduct unbecoming a member and detrimental to the service.

General inefficiency and incompetency.

Incapacity for duty, either mental, physical, or educational.

Breach of discipline.

Neglect or refusal to pay just debts.

Communicating information relating to police work without permission.

Making a false official statement.

Willful maltreatment of a prisoner.

Discourtesy or insolence.

Untruthfulness.

Sleeping while on duty.

Uncleanliness in person or dress.

Smoking while in uniform in public.

Accepting bribe.

Keeping fee, gift, or reward.

Criticizing Department orders.

Aiding persons to escape arrest.

Refusing to give number of badge when requested.

Neglecting to give receipt for property taken from prisoners.

Failure to report any member violatin rules or orders of Department.

Failure to report known violation of law or ordinance.

Any other act or omission contrary to good order and discipline, or constituting a violation of any of the provisions of the Rules and Regulations of the Department, or of any Department Orders.