Duane LARKIN, M.D.,

v.

Harold WITHROW, D.O., et al.

No. 73–C–360.

United States District Court,
E. D. Wisconsin.

Oct. 23, 1975.

Friebert & Finerty by Robert H. Friebert, Milwaukee, Wis., for plaintiff.

Bronson C. LaFollette, Wis. Atty. Gen. by LeRoy Dalton, Asst. Atty. Gen., Madison, Wis., for defendants.

Before DUFFY, Senior Circuit Judge, and REYNOLDS and GORDON, District Judges.

## DECISION AND ORDER

PER CURIAM.

The defendants have moved to vacate the modified judgment of this court which granted a preliminary injunction on July 25, 1974. The defendants' application is based upon the opinion of the United States Supreme Court issued on April 16, 1975. The plaintiff opposes the defendants' motion, urging that the preliminary injunction should be continued upon a ground which was not ruled upon by the United States Supreme Court.

We had held that § 448.18(7), Wis. Stats., was unconstitutional and enjoined the state medical examining board from enforcing it. Our ruling is reported at 368 F.Supp. 796 (E.D.Wis.1973). It was this opinion which led to the judgment of July 24, 1974. At page 797, we stated:

"Insofar as § 448.18(7) authorizes a procedure wherein a physician stands to lose his liberty or property, absent the intervention of an independent, neutral and detached decisionmaker, we concluded that it was unconstitutional and unenforceable."

We also observed in that opinion, at page 798, that the state medical examining board did not qualify as an independent decision-maker and could not properly rule with regard to the merits of the charges which it had investigated. The United States Supreme Court disa-

greed, 421 U.S. 35, 93 S.Ct. 1456, 43 L. Ed.2d 712 stating:

"We are of the view, therefore, that the District Court was in error when it entered the restraining order against the Board's contested hearing and when it granted the preliminary injunction based on the untenable view that it would be unconstitutional for the Board to suspend appellee's license 'at its own contested hearing on charges evolving from its own investigation . . . .' The contested hearing should have been permitted to proceed."

The Court went on to state the following:

"On the present record, it is quite unlikely that appellee would ultimately prevail on the merits of the due process issue presented to the District Court, and it was an abuse of discretion to issue the preliminary injunction."

The plaintiff bases his current opposition to the defendants' motion on the ground that the Wisconsin statute permits a doctor's license to be suspended for "engaging in conduct unbecoming a person licensed to practice." Dr. Larkin urges that this provision is so vague as to be unconstitutional, citing *Bence v. Breier*, 357 F.Supp. 231 (E.D.Wis.1973), aff'd, 501 F.2d 1185 (7th Cir. 1974), cert. denied, 419 U.S. 1121, 95 S.Ct. 804, 42 L.Ed.2d 821 (1975).

The plaintiff also notes that the state medical examining board has recently amended its rules and regulations which define "unprofessional conduct." The plaintiff urges that such amendments support his belief that the previous regulations were vague and indefinite.

The plaintiff has not persuaded us that he has a likelihood of success on the vagueness issue or that our failure to enjoin the defendants would cause him irreparable injury. Accordingly, we find no reason to refrain from complying with the express mandate of the United States Supreme Court.

In order to move this case towards final disposition, a conference between counsel and Judge Gordon is hereby scheduled for 9:30 A.M., November 13, 1975, at his chambers.

Therefore, it is ordered that the modified judgment granting preliminary injunction dated July 25, 1974, be and hereby is vacated.