Catherine M. ABEL, Plaintiff,

v.

Richard P. GOUSHA, individually and as Superintendent of Schools for the City of Milwaukee et al., Defendants.

No. 69-C-377.

United States District Court,
E. D. Wisconsin.

June 24, 1970.

———◆———

Robert E. Sutton, Milwaukee, Wis., for plaintiff.

John J. Fleming, City Atty., Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendants have moved for judgment on the pleadings contending that the complaint fails to assert a cause of action and, further, that the defendants are not "persons" under the Civil Rights Act.

The complaint in this case alleges that the plaintiff was discharged from her employment as a teacher in the Milwaukee public schools because she was a party to certain demonstrations; she claims that her discharge was in violation of her right to freedom of speech under the first and fourteenth amendments of the United States Constitution. She seeks both damages and reinstatement.

Insofar as the complaint seeks damages against the school board, the action must fail since the school board is not a person within the meaning of 42 U.S.C. § 1983. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). However, the plaintiff also demands reinstatement to her position as a teacher, and such action for relief is not foreclosed by Monroe v. Pape. Schnell v. City of Chicago, 407 F.2d 1084, 1086 (7th Cir. 1969); Adams v. City of Park Ridge, 293 F.2d 585, 587 (7th Cir. 1961); Gouge v. Joint School District No. 1, 310 F.Supp. 984, 989 (W.D.Wis. 1970).

Although the members of the school board are also sued in their individual capacities, the gravamen of the complaint is that they acted improperly as a corporate body in discharging the plaintiff. No individual action by any member of the board is complained about by the plaintiff. In my opinion, the complaint does not state a cause of action against the individual members of the board, and they are entitled to dismissal as individuals. However, as the board of school directors, they must remain in the action with respect to the claim for reinstatement.

I believe that the complaint states a cause of action. A teacher in a public school may not be discharged for exercising constitutionally protected freedoms. Pickering v. Board of Education, 391 U.S. 563, 88 S.Ct. 1731, 20 L. Ed.2d 811 (1968); McLaughlin v. Tilendis, 398 F.2d 287 (7th Cir. 1968); Roth v. Board of Regents, 310 F.Supp. 972 (W.D.Wis.1970). On the present state of the record, the court cannot determine whether the discharge stemmed from constitutionally impermissible reasons or from lawful grounds. Accordingly, at this stage, the court should not grant the defendants' motion to dismiss because of the alleged failure to state a cause of action. This also applies to the question whether the superintendent of schools properly exercised the discretion which he possessed. Cf. Jones v. Hopper, 410 F.2d 1323 (10th Cir. 1969).

The United States Supreme Court recently declined to review a case arising in the sixth circuit involving a student's suspension allegedly based on first amendment grounds. See Jones v. State Board of Education of Tennessee, 397 U.S. 31, 90 S.Ct. 779, 25 L.Ed.2d 27 (1970).

Now, therefore, it is ordered that the motion for judgment on the pleadings brought by the defendants be and hereby is denied.

It is further ordered that the motion for dismissal by the school board directors, as individuals, be and hereby is granted; their motion for dismissal as school board directors is granted only with reference to the plaintiff's claim for damages, but said motion is denied with reference to the plaintiff's demand for reinstatement.