**Alberta LESSARD, Plaintiff,**

v.

**Le Roy VAN DALE et al., Defendants.**

**No. 70–C–272.**

United States District Court,
E. D. Wisconsin.

Oct. 22, 1970.

Robert J. Lerner, Milwaukee, Wis.,
for plaintiff.

William T. Schmid, West Allis, Wis.,
for defendants.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

The defendants, members of the West Allis-West Milwaukee board of education, have moved to dismiss the complaint in this action on the basis that this court lacks jurisdiction over the subject matter and that the plaintiff has failed to state a claim upon which relief can be granted.

The plaintiff, a teacher, alleges that she was discharged without cause by the board of education and that the board has not granted her request for a public hearing that she contends is provided by state statute. The board's failure to grant a hearing, she argues, has resulted in a denial of due process and of equal protection of the laws, and she seeks monetary damages. This court's jurisdiction is invoked pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983.

Prior to the filing of their motion to dismiss, the defendants moved for a more definite statement of the plaintiff's claim. In her response, the plaintiff stated that her suit "is maintained against the defendants in their individual capacities for acts done by them while clothed with the authority of state law."

In Abel v. Gousha, 313 F.Supp. 1030 (E.D.Wis.1970), an action in which a teacher sought reinstatement as well as damages, this court stated at page 1031:

"Although the members of the school board are also sued in their individual capacities, the gravamen of the complaint is that they acted improperly as a corporate body in discharging the plaintiff. No individual action by any member of the board is complained about by the plaintiff. In my opinion, the complaint does not state any cause of action against the individual members of the board, and they are entitled to dismissal as individuals. However, as the board of school directors, they must remain in the action with respect to the claim for reinstatement."

The plaintiff concedes that if Abel is correct and applicable to the case at bar, her complaint should be dismissed. However, she argues that this court erred in Abel and that a cause of action can be stated under § 1983 against the school board members for actions done in their individual capacities.

It is my opinion that the plaintiff misconstrues the meaning of the quoted portion from the Abel decision. The issue in Abel—as in the present case—was whether a cause of action was stated against the individual board members, not whether it could be stated. A cause of action, at least for equitable relief, can be stated under § 1983 against individuals whose acts under color of law result in the denial of equal protection and due process. Many of the cases cited by the plaintiff in her brief support such a proposition. See, for example, Monroe v. Pape, 365 U.S. 167, 186, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Mc-

Laughlin v. Tilendis, 398 F.2d 287 (7th Cir. 1968); Gouge v. Joint School Dist. No. 1, 310 F.Supp. 984, 989 (W.D.Wis. 1970).

 However, as in *Abel*, it appears that the plaintiff complains of action taken by the defendants as a board of education. The gravamen of her complaint is contained in paragraph 13 in which she alleges:

"That the plaintiff has been unlawfully discharged by the defendants from her occupation as a teacher with the Joint City School District No. 1, West Allis-West Milwaukee without a public hearing as is required under the provisions of Wisconsin Statutes."

It is clear that the act complained about is not by the defendants as individuals, but rather as a board of education. In a brief on behalf of the plaintiff, counsel states that the gravamen is the "improper acts of the school board in not granting the plaintiff the required hearing herein". The only allegation in the complaint which might qualify as *individual* action on the part of a defendant relates to an acknowledgment given by the school board president of the plaintiff's request for a hearing; this is not actionable conduct. Indeed, it is probably not even individual action since it was in all likelihood given in a representative capacity for the board of education.

The plaintiff's allegations that she was discharged without cause and that she has not received a hearing as provided by state statute, standing alone, are not enough, in my opinion, to state a cause of action against the defendants as individuals. To this extent, *Abel* is completely analogous. For these reasons, the defendants' motion to dismiss must be granted.

Therefore, it is ordered that the defendants' motion to dismiss the plaintiff's complaint be and hereby is granted.

It is further ordered that this action be and hereby is dismissed.