**Duane LARKIN, M.D., Plaintiff,**

v.

**Harold WITHROW, D.O., et al.,
Defendants.**

**No. 73–C–360.**

United States District Court,
E. D. Wisconsin.

Dec. 21, 1973.

Samson, Friebert, Sutton & Finerty by Robert H. Friebert, Milwaukee, Wis., for plaintiff.

Robert W. Warren, Wisconsin Atty. Gen. by LeRoy L. Dalton, Madison, Wis., for defendants.

Before DUFFY, Senior Circuit Judge, REYNOLDS, Chief District Judge, and GORDON, District Judge.

## DECISION

PER CURIAM.

On November 19, 1973, this three-judge court sustained the plaintiff's procedural due process challenge to the constitutionality of § 448.18(7) Wis.Stats. (1971). We enjoined the state medical examining board from enforcing that statute, which authorized it to suspend a physician's license for up to two consecutive three-month periods "without formal proceedings . . . where he is known or the examining board has good cause to believe" that he has engaged in certain proscribed conduct. Vague as it is, "(E)ngaging in conduct unbecoming a person licensed to practice or detrimental to the best interests of the public" qualifies as one such offense. See § 448.18(1)(g), Wis.Stats. (1971).

■ Permanent revocation of a physician's license can be accomplished only through a court action prosecuted by the district attorney. The state medical examining board investigated the plaintiff, Dr. Duane Larkin, and presented charges to the district attorney. See chapter 448, Wis.Stats. (1971). Neither the propriety of the board's investigation of Dr. Larkin nor the merits of its charges against him was involved here. What we determined was that for the board temporarily to suspend Dr. Larkin's license at its own contested hearing on charges evolving from its own investigation would constitute a denial to him of his rights to procedural due process. Insofar as § 448.18(7) authorizes a procedure wherein a physician stands to lose his liberty or property, absent the intervention of an independent, neutral and detached decision maker, we concluded that it was unconstitutional and unenforceable.

■■ Procedural due process is required in those instances where a person stands to see significant interference with his property rights or his liberty. Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). In our view, the interference with a physician's ability to practice his profession qualifies as an interference with a property right. It is certainly "a sufficiently direct threat of personal detriment." Doe v. Bolton, 410 U.S. 179, 188, 93 S.Ct. 739, 745, 35 L.Ed.2d 201 (1973).

The suspension of his license to practice medicine, as the result of charges of improper conduct, presumptively has a serious adverse effect on the physician's reputation. Thus, it is clear that the plaintiff's liberty is also at stake. 408 U.S. at 573, 92 S.Ct. 2701. "There is little doubt but that a person's interest in his reputation is sufficient to trigger procedural due process protection." Suarez v. Weaver, 482 F.2d 678 (7th Cir., decided September 14, 1973). See also Wisconsin v. Constantineau, 400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971); and Wieman v. Updegraff, 344 U.S. 183, 73 S.Ct. 215, 97 L.Ed. 216 (1952).

■ In several cases involving hearings required by due process, the United States Supreme Court has delved into the area of minimal due process requirements. In Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), the Court reaffirmed the princi-

ple of Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), that one of the minimum elements of such hearings is "an independent decisionmaker." 411 U.S. at 786, 93 S.Ct. 1756. The state medical examining board does not qualify as such a decisionmaker. It cannot properly rule with regard to the merits of the same charges it investigated and, as in this case, presented to the district attorney.

It is true that any action taken by the board pursuant to § 448.18(7) is subject to judicial review under chapter 227, Wis.Stats. (1971). However, that review statute goes only to the propriety of the board's *exercise* of statutory authority. We found that the very statutory authority *empowering* the board to act in the first instance was itself unconstitutional.

For these reasons, on November 19, 1973, we ordered that the plaintiff's motion for a preliminary injunction be granted. The defendants were enjoined from enforcing the provisions of § 448.-18(7), Wis.Stats. (1971), it having been determined by us that such statute is unconstitutional.