Nina KELLY et al., Plaintiffs,

v.

**WISCONSIN INTERSCHOLASTIC ATH-
LETIC ASSOCIATION et al.,
Defendants.**

Civ. A. No. 73–C–269.

United States District Court,
E. D. Wisconsin.

Jan. 16, 1974.

Sandra A. Edhlund, Milwaukee, Wis., for plaintiffs.

John E. Shannon, Jr. and Thomas W. Bertz, Stevens Point, Wis., for defendants Wisconsin Interscholastic Athletic Assn. and John E. Roberts.

James B. Brennan, City Atty. by Carl F. Kinnel, Asst. City Atty., Milwaukee, Wis., for defendants Board of School Directors of the City of Milwaukee, Ronald S. San Felippo, Thomas L. Linton, Richard T. Gousha, Jerome Brandl, Robert Sivak, and Milton Ruehl.

Robert W. Warren, Atty. Gen. by John William Calhoun, Asst. Atty. Gen., Madison, Wis., for defendant William C. Kahl.

## MEMORANDUM DECISIONS AND ORDER ON MOTIONS TO DISMISS

REYNOLDS, Chief Judge.

This action, brought under the Civil Rights Act, challenges the regulation of the Wisconsin Interscholastic Athletic Association (hereinafter referred to as "W.I.A.A.") which states: "the Board of Control shall prohibit all types of interscholastic athletic activity involving boys and girls competing with or against each other." 1972–1973 W.I.A.A. Handbook, page 18. Plaintiffs, two female high school students at Washington High School in Milwaukee, Wisconsin, and their respective mothers, attack the regulation as being violative of the Fourteenth Amendment to the Constitution of the United States. Plaintiffs bring this action both individually and on behalf of all other persons similarly situated. Defendants in this action are the W.I.A.A.; John E. Roberts, the executive director of the W.I.A.A.; the Board of School Directors of the City of Milwaukee; several members and employees of the Board of School Directors; the principal of Washington High School; the tennis coach of the high school; the swimming coach of the high school; and the superintendent of schools for the State of Wisconsin.

Plaintiffs seek an injunction prohibiting the defendants from maintaining the enforcement of a policy that limits the opportunity of female high school students to participate on a basis of equality with male students in varsity interscholastic competition in sports. Plaintiffs summarily state that jurisdiction is conferred on the court by 28 U.S.C. § 1343 and 42 U.S.C. §§ 1983 and 1985.

This matter is presently before the court on the defendants'[1] respective motions to dismiss this action. Since several of the motions to dismiss are granted and several are denied, I shall consider each of the motions separately. The class action issue is not decided at this time.

■ Rule 8(a)(1) of the Federal Rules of Civil Procedure requires that

---

[1]. There are presently before the court several motions to dismiss: the motion of the W.I.A.A. and John E. Roberts, executive director of the W.I.A.A.; the motion of the state superintendent of schools; the motion of the Board of School Directors of the City of Milwaukee, Ronald S. San Felippo, Thom-

as L. Linton, and Richard T. Gousha; and the demurrer of the Board of School Directors, Robert S. San Felippo, Thomas E. Linton, Richard T. Gousha, and, additionally, Jerome Brandl, Robert Sivak and Milton Ruehl.

the complaint set forth "a short and plain statement of the grounds upon which the court's jurisdiction depends * * *." The reason for this is that federal district courts are courts of limited jurisdiction. There is no presumption in favor of the district court's jurisdiction. Le Mieux Bros. v. Tremont Lumber Co., 140 F.2d 387 (5th Cir. 1944). "It follows, therefore, that a party who invokes the district court's jurisdiction for the first time must clearly show that his action is within the court's jurisdiction." 2A Moore, Federal Practice ¶ 8.07 at 1639 (1972). Rule 8(a)(1) recognizes this in its provisions.

■ On the basis of the record before me, and this decision is based only on that record, the motion to dismiss of the defendant W.I.A.A. must be granted. Plaintiffs, in their complaint, describe the W.I.A.A. as a "voluntary, unincorporated and nonprofit organization." They allege no facts which would confer jurisdiction upon a district court to consider their claims. See generally Sims v. Mercy Hospital of Monroe, 451 F.2d 171 (6th Cir. 1971). Nowhere in their complaint do they allege the necessary "state action" required by 28 U.S.C. § 1343 and 42 U.S.C. § 1983 to confer jurisdiction on this court. The standard for "state action" was recently stated by the United States Supreme Court in Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 172, 92 S.Ct. 1965, 1971, 32 L.Ed.2d 627 (1972):

"In 1883, this Court in *The Civil Rights Cases*, 109 U.S. 3 [3 S.Ct. 18, 27 L.Ed. 835], set forth the essential dichotomy between discriminatory action by the State, which is prohibited by the Equal Protection Clause, and private conduct, 'however discriminatory or wrongful,' against which that clause 'erects no shield,' Shelley v. Kraemer, 334 U.S. 1, 13 [68 S.Ct. 836, 842, 92 L.Ed. 1161] (1948). That dichotomy has been subsequently reaffirmed in Shelley v. Kraemer, *supra*,

and in Burton v. Wilmington Parking Authority, 365 U.S. 715 [81 S.Ct. 856, 6 L.Ed.2d 45] (1961).

"While the principle is easily stated, the question of whether particular discriminatory conduct is private, on the one hand, or amounts to 'state action,' on the other hand, frequently admits of no easy answer. 'Only by sifting facts and weighing circumstances can the non-obvious involvement of the State in private conduct be attributed its true significance.' Burton v. Wilmington Parking Authority, *supra*, at 722 [81 S.Ct. 856, at 860]."

Based on the record before me, which is limited to the pleadings, I am not able to make a preliminary determination or draw the inference that the actions of the W.I.A.A. in this matter amounted to "state action." In fact, plaintiffs' pleadings permit me to only conclude to the contrary. Therefore, plaintiffs' complaint must be dismissed as to the defendant W.I.A.A.

■ I recognize that actions, "* * * especially under the Civil Rights Act, should not be dismissed at the pleadings stage unless it appears to a certainty that plaintiffs are entitled to no relief under any state of the facts, which could be proved in support of their claims. * * *" Escalera v. New York City Housing Authority, 425 F.2d 853, 857 (2d Cir. 1970), cert. denied 400 U.S. 853, 91 S.Ct. 54, 27 L.Ed. 2d 91 (1970). See also Barnes v. Merritt, 376 F.2d 8 (5th Cir. 1967); York v. Story, 324 F.2d 450 (9th Cir. 1963), cert. denied 376 U.S. 939 (1964); and 2A Moore, Federal Practice ¶ 12.08 at 2271–2274 (1972). The plaintiffs here have not provided the court with any facts or representations, either in the form of pleadings, affidavits, depositions, or briefs, upon which their claim could possibly have been grounded.

In Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 29 S.Ct. 42, 53 L. Ed. 126 (1908), and in City of Kenosha v. Bruno, 412 U.S. 507, 93 S.Ct. 2222, 37

L.Ed.2d 109 (1973), the Supreme Court pointed out that the district court has an affirmative duty to decide the question of jurisdiction. The defendants' motion to dismiss as to the W.I.A.A. and its Executive Director John E. Roberts, for the reasons stated above, is granted.

■ Concerning the plaintiffs' suit against William C. Kahl,[2] the superintendent of schools for the State of Wisconsin, I am also obliged to dismiss. Absent any accompanying facts, the simple allegation that the state superintendent is the chief administrator of the State Department of Public Instruction and has final responsibility for administering the laws and rules of the State as they affect public schools is not enough to confer jurisdiction on this court. Plaintiffs' complaint alleges no action taken by the defendant superintendent to deprive the plaintiffs of due process of law. Once again the complaint is lacking, and I am compelled to dismiss this part of the action for failure to state a claim upon which relief can be granted.

■ I now move to the plaintiffs' action against the Board of School Directors. The Milwaukee school system is created by the laws of the State of Wisconsin. See Chapter 119, Wis.Stats. (1971). Section 119.06, Wis.Stats., provides for the establishment of a school board. This school board must annually transmit to the common council of the city a budget reporting the amount of money needed for the fiscal year to operate all the public schools in the city. The common council then levies and collects a tax upon all property subject to taxation in the city, such tax being equal to the amount required by the school board. Sec. 119.46, Wis.Stats. Additionally, the board is required by statute to file a report with the common council, said report detailing, among other things, the general proceedings

and acts of the board, the number of children attending each school, and the extent of school accommodations. Sec. 119.44, Wis.Stats.

I must decide whether or not the recent ruling of the United States Supreme Court in City of Kenosha v. Bruno, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973), applies to the "Board of School Directors" for the City of Milwaukee. I think it does. In *Bruno* it was held that actions for equitable relief brought under 28 U.S.C. § 1343 and 42 U.S.C. § 1983 could no longer be maintained against municipal corporations. Mr. Justice Rehnquist, relying on Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), stated:

"We find nothing in the legislative history discussed in *Monroe*, or in the language actually used by Congress, to suggest that the generic word 'person' in § 1983 was intended to have a bifurcated application to municipal corporations depending on the nature of the relief sought against them. Since, as the Court held in *Monroe*, 'Congress did not undertake to bring municipal corporations within the ambit of' § 1983, [365 U.S.], at 187 [81 S.Ct. 473, at 484], they are outside of its ambit for purposes of equitable relief as well as for damages. * * *" 412 U.S. at 513, 93 S.Ct. at 2226.

In *Monroe* the Supreme Court examined in detail the legislative history of 42 U.S.C. § 1983 and concluded:

"The response of the Congress to the proposal to make municipalities liable for certain actions being brought within federal purview by the Act of April 20, 1871, was so antagonistic that we cannot believe that the word 'person' was used in this particular Act to include them. * * *" 365 U.S. at 191, 81 S.Ct. at 486.

---

2. William C. Kahl has been succeeded as state superintendent of schools by Barbara Thompson. Her name should be substituted in the pleadings pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure.

Whether or not the Milwaukee School Board qualifies as a municipal corporation or as an administrative arm of the municipality of Milwaukee is not clear in the Wisconsin Statutes. This is irrelevant, however, for the expansive language of *Bruno* leaves little question that it is not limited to municipalities, but that it is applicable to all agencies of State and local government. See "The Supreme Court 1972 Term," 87 Harv.L. Rev. 57, 258 (1973). In thus relying on City of Kenosha v. Bruno, supra, I find that the Milwaukee School Board is not a "person" as used in 28 U.S.C. § 1343 and 42 U.S.C. § 1983. I therefore dismiss as to the "Board of School Directors" for the City of Milwaukee but, as set forth later, not as to the individual members of the Board.

■ Plaintiffs have named as defendants Ronald S. San Felippo, the president of the Board of School Directors; Thomas L. Linton, the secretary-business manager of the Board; Richard T. Gousha, the superintendent of schools for the City of Milwaukee; and additionally, the principal of Washington High School, Jerome Brandl; its swimming coach, Robert Sivak; and its tennis coach, Milton Ruehl. The foregoing named defendants have demurred to the plaintiffs' complaint. Rule 7(c) of the Federal Rules of Civil Procedure states that demurrers and exceptions for insufficiency of pleadings shall no longer be used. Therefore, defendants' demurrer shall be treated as a motion to dismiss for failure to state a complaint upon which relief can be granted.[3] This motion is denied.

■ In their complaint, plaintiffs allege that Nina Kelly and Joanne Walsh are students at Washington High School. Both excel at the sport of swimming. Both have been allowed to swim "exhibition" during boys varsity swimming competitions. Both have competed well at these events and, at times, have posted better times than the boys who competed in similar events. Both have been denied recognition for their athletic achievements and the right to compete head-to-head with boys solely on the basis of their sex. The complaint specifically alleges that defendant Sivak has denied each and every request of the plaintiffs to compete on the varsity swim team, and the defendant Ruehl has denied each and every request of the plaintiff Kelly to compete on the varsity tennis team, both defendants so acting solely because of the challenged W.I.A.A. regulation.

As to these defendants, and additionally the principal of Washington High School and the named members and employees of the Milwaukee School Board, plaintiffs allege that such adherence to the W.I.A.A. regulation denied them their constitutional right to equal protection of the laws. Additionally, plaintiffs allege that said action of arbitrarily denying them the right to compete on the basis of their sex denies them of due process of law.

An action, especially one brought under the Civil Rights Act, should not be dismissed at the pleadings stage unless it is certain that the plaintiffs are entitled to no relief under any state of facts which could possibly be proved in support of their claims. 2A Moore, Federal Practice ¶ 12.08 at 2271–2274 (1972). Such a certainty does not exist here. See Reed v. Reed, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971), and Frontiero v. Richardson, 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583 (1973). It appears that defendants San Felippo, Linton, Gousha, Brandl, Sivak, and Ruehl have either directly or in their official capacities allowed the enforcement of the W.I. A.A. regulation in the schools which prohibits females from participation in

---

3. Defendants Board of School Directors of the City of Milwaukee, Ronald S. San Felippo, Thomas L. Linton, and Richard T. Gousha have also filed a separate motion to dismiss. This motion shall be treated at the same time.

 

athletic activities at the same time as males. Such a claim deserves the examination of this court. It presents a substantial federal question as to its constitutionality.