**Milton O. PELISEK, Plaintiff,**

**v.**

**TREVOR STATE GRADED SCHOOL DISTRICT NO. 7 OF the TOWN OF SALEM, KENOSHA COUNTY, WISCONSIN, et al., Defendants.**

**No. 73-C-482.**

United States District Court,
E. D. Wisconsin.

Jan. 30, 1974.

Michael, Best & Friedrich by Lee J. Geronime, Milwaukee, Wis., for plaintiff.

Foley & Capwell by Garth R. Seehawer, Racine, Wis., Kirt J. E. Ludwig, Burlington, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendants have moved to dismiss the instant complaint on jurisdictional grounds as well as the failure to state a claim upon which relief can be granted. In the alternative, they urge this court to strike portions of the complaint and to abstain.

The plaintiff, Milton Pelisek, was a teacher and principal in the defendant school district during the 1972-73 academic year. He challenges the defendant school board's decision not to renew his contract for the following year claiming that his fourteenth amendment due process rights to notice and a hearing were violated; in a pendent claim, he maintains that his contract was automatically renewed by operation of a state statute. Equitable relief as well as damages are sought.

The defendants include the school district and the school board, as well as the school board members, who are named in both their individual and representative capacities. Jurisdiction in this matter is alleged under 28 U.S.C. § 1331, as well as 28 U.S.C. § 1343 and 42 U.S.C. § 1983.

■■■ This court has no jurisdiction under § 1343 and § 1983 as to the named defendants who are not "persons", namely, the school board and the school district. City of Kenosha v. Bruno, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973); Kelly v. Wisconsin Interscholastic Athletic Association et al., 367 F.Supp. 1388 (E.D.Wis., decided January 16, 1974); Manos v. City of Green Bay et al., 372 F.Supp. 40 (E.D.Wis., decided January 21, 1974). A § 1983 claim is adequately stated as against the individual school board members, but only in their *representative* capacities, as opposed to their capacities as individuals; the plaintiff appears to complain only of an action taken by the individual board members *as a board of education.* Abel v. Gousha, 313 F.Supp. 1030 (E.D.Wis. 1970); Lessard v. Van Dale, 318 F.Supp. 74 (E.D.Wis.1970). Cf. Manos v. City of Green Bay et al., supra.

From a practical standpoint, these determinations concerning the presence or absence of § 1343 and § 1983 jurisdiction are not controlling. Federal question jurisdiction is alleged as to all of the defendants under 28 U.S.C. § 1331; the plaintiff claims that he has been damaged by them in an amount exceeding $10,000 and that they have violated his constitutional rights.

It must appear almost to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal at this stage in these proceedings. Bell v. Preferred Life Assurance Society, 320 U.S. 238, 64 S.Ct. 5, 88 L. Ed. 15 (1943); Jones v. Landry, 387 F. 2d 102 (5th Cir. 1967). Dismissal on this ground is unwarranted here for several reasons. First, the plaintiff argues that his contract was automatically renewed by operation of § 118.22 Wis. Stats., because the defendants failed to comply with the contract renewal and nonrenewal notice deadlines provided therein. Regardless of whether a perfected contract or quasi-contract is ultimately found to exist under § 118.22, the plaintiff alleges facts which, if proved, could, conceivably, show that there was an implied promise of future employment. See Connell v. Higginbotham, 403 U.S. 207, 91 S.Ct. 1772, 29 L. Ed.2d 418 (1971).

Secondly, it is charged that the defendants' nonrenewal decision came after the defendant school board made public representations concerning its intention to renew the plaintiff's contract. The timing, it is urged, shows that the plaintiff was refused re-employment in a manner reflecting on his good name, reputation, honor or integrity. See Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); Wisconsin v. Constantineau, 400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971); Wieman v. Updegraff, 344 U.S. 183, 73 S.Ct. 215, 97 L.Ed. 216 (1952); Larkin v. Withrow, 368 F.Supp. 796 (E. D.Wis., decided December 21, 1973).

Finally, the plaintiff alleges that he has made a good faith, but unsuccessful, effort to secure subsequent employment; the defendants' charged actions have thus, allegedly, operated to foreclose the plaintiff's range of future employment opportunities.

■■ Procedural due process is required in those instances where a person stands to see significant interference with his property rights or his liberty. Board of Regents v. Roth, supra. The interference with a person's ability to practice his profession qualifies as an interference with a property right. Larkin v. Withrow, supra. Such interference would constitute "a sufficiently direct threat of personal detriment." Doe v. Bolton, 410 U.S. 179, 188, 93 S. Ct. 739, 745, 35 L.Ed.2d 201 (1973). The non-renewal of a teacher-principal's contract, under the circumstances alleged in the instant complaint, may have had a serious adverse effect upon his reputation. 408 U.S. at 573, 92 S.Ct. 2701. "There is little doubt but that a person's interest in his reputation is sufficient to trigger procedural due process protection." Suarez v. Weaver, 484 F.2d 678 (7th Cir., decided September 14, 1973). Cf. Miller v. School District Number 167, 354 F.Supp. 922, 925 (N.D.Ill.1973).

■ I believe that the defendant has stated a claim upon which relief can be granted and that the jurisdictional amount is alleged with sufficiency. The liberty and property interests as to which the plaintiff claims a deprivation are not now susceptible of a valuation at less than the appropriate jurisdictional amount, at least as a matter of law.

■ Although the circumstances are not the same in the case at bar, public school teachers who are dismissed *during the term of their contract* have been held to possess a property interest in continued employment which is safeguarded by due process. Wieman v. Updegraff, 344 U.S. 183, 73 S.Ct. 215, 97

L.Ed. 216 (1952). Recently, the United States Supreme Court applied the due process requirements to the property interests of a non-tenured teacher who had a clearly implied promise of continued employment. Connell v. Higginbotham, 403 U.S. 207, 91 S.Ct. 1772, 29 L.Ed.2d 418 (1971).

In Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), the Supreme Court stated that whether a non-tenured public school teacher has a protectible interest in continued employment depends upon whether he has an identifiable interest in employment under state law. The defendants urge that Mr. Pelisek has no identifiable interest in employment under § 118.22 Wis.Stats. and cite Miller v. School District, 354 F.Supp. 922 (N.D. Ill.1973), in support of their request for this court to abstain. It is the defendants' position that the determinative issue here is whether, under § 118.22, Wis.Stats., a teacher employed on a year-to-year contract has a property interest in continued employment which is protected by procedural due process. In *Miller*, the court observed that:

> "The thrust of the instant action involves the interpretation of a state statute rather than the federal constitution . . . (A)bstention is appropriate in the instant civil rights action since the question of deprivation of the plaintiff's constitutional right is dependent on a state court's determination of whether the plaintiff, a probationary public school teacher, has a property interest in his continued employment."

354 F.Supp. at 927.

In *Miller* and in *Roth*, circumstances were not alleged which, if proved, would give rise to a finding of the existence of an implied promise of future employment. In my view, the presence of such allegations in the instant complaint indicates that the question of deprivation of the plaintiff's constitutional rights is not dependent on a state court's construction of § 118.22. See Connell v. Higginbotham, supra.

In his pendent cause of action, Mr. Pelisek advances a construction of § 118.22 which would give him an outright and actual property interest. For purposes of his *federal question* claim, however, the defendants' alleged noncompliance with § 118.22 must be viewed in conjunction with the defendants' alleged public representation of its intent to renew the plaintiff's contract. A determination of whether § 118.22 created in the plaintiff an *actual* property interest in continued employment is central only to the *pendent* contract claim. When the defendants' claimed noncompliance with the notice schedule contained in § 118.22 is viewed together with the other circumstances alleged, I conclude that it is possible that the court might find an implied promise of continued employment; if so, it might qualify, under Connell v. Higginbotham, supra, as a protectible property interest for purposes of the federal question claim.

Therefore, it is ordered that the defendants' motion to dismiss on jurisdictional grounds as well as the failure to state a cause of action upon which relief can be granted be and hereby is denied.

It is also ordered that the various allegations of the complaint which allege jurisdiction under § 1343 and § 1983 as against the defendants school board, school district and school board members in their *individual*, as opposed to their representative capacities, should be stricken from the complaint as superfluous.

It is also ordered that the defendants' motion for this court to abstain in this matter be and hereby is denied.