Harold J. **DAHLINGER**, Plaintiff,

v.

**TOWN BOARD OF the TOWN OF DELAVAN et al., Defendants.**

No. 74–C–280.

United States District Court,
E. D. Wisconsin.

Dec. 19, 1974.

Braden & Olson by John O. Olson, Lake Geneva, Wis., for plaintiff.

Kluwin, Dunphy, Hankin & McNulty by Michael J. Pfau, Milwaukee, Wis., for defendants; Kenny & Clair by J. Edward Clair, Delavan, Wis., of counsel.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

In a decision and order dated August 1, 1974, 381 F.Supp. 474, I determined that in connection with the pre-termination hearing conducted by the defendant town board, chief of police Harold Dahlinger was denied certain minimal due process protections, including the following: 1) written charges which constituted sufficient notice; 2) the ability to subpoena witnesses; and 3) a neutral and detached decision-maker. Larkin v. Withrow, 368 F.Supp. 796 (E.D.Wis. 1973), cert. granted, 417 U.S. 943, 94 S. Ct. 3066, 41 L.Ed.2d 664.

The court granted Mr. Dahlinger's motion for a temporary restraining order and directed the defendants to "reinstate the plaintiff to the status of suspended [chief of police], with pay, which he held at the time this action was commenced", pending the outcome of a pre-termination hearing which was "consistent with the procedural due process considerations set forth in this decision."

At its regular monthly meeting on August 20, 1974, the defendant town board, by resolution, appointed a former Milwaukee county judge as a committee of one to conduct a hearing into the charges leveled against the plaintiff. His findings and conclusions were to be submitted to the defendant town board for its determination as to the status of the plaintiff with respect to his employment as chief of police.

Thereafter, the plaintiff filed a motion for a temporary restraining order

enjoining such a hearing, claiming that it would operate to deprive him of a neutral and detached decision-maker because the final decision still remained with the defendants. In addition, the defendants requested this court to approve the proposed procedure. In an order dated September 4, 1974, I denied the applications of both parties, indicating that I declined to "clarify" the order of August 1, 1974.

The defendants then implemented the proposed termination hearing procedure. This matter is now before me on the plaintiff's renewed motion for a temporary restraining order as well as the defendants' motion to dismiss. The parties have submitted briefs, affidavits, and transcripts of the various proceedings.

I believe that the defendants have properly complied with the terms of this court's decision and order dated August 1, 1974, and, also, that Mr. Dahlinger's right to a fair pre-termination hearing has been met.

In ruling upon Mr. Dahlinger's application for a temporary restraining order, I noted numerous deficiencies in the town board's July 11 hearing. The subsequent proceedings which have been held in this case were reasonably calculated to rectify the flaws which this court ascribed to the board's July 11 hearing.

Mr. Dahlinger's employment was terminated as a result of the resolution adopted by the town board in a meeting held on October 21, 1974. Mr. Dahlinger argues that he has been denied his right to a neutral and detached decision-maker because the three-member body which adopted the aforesaid resolution was composed of the same individuals whose previous action was held by this court to be constitutionally deficient. Mr. Dahlinger also points out that notwithstanding the hearing held before Judge Fiorenza, the town board made the ultimate decision, and therefore the board's resolution remained tainted.

John Fiorenza, a former Milwaukee county judge, was appointed to conduct the hearing and to submit his findings and recommendations to the board. I have examined the proceedings conducted before Judge Fiorenza and conclude that they afforded Mr. Dahlinger a full and fair hearing as contemplated in the court's order of August 1. Although objections have been advanced by the plaintiff, I find that procedural due process was accomplished through the use of an impartial hearing officer. Judge Fiorenza found that two of the charges against Mr. Dahlinger were established and recommended that the chief be discharged for such conduct.

If Mr. Dahlinger's argument were correct and this board was permanently barred from discharging a public official whose conduct they had investigated, the burden upon the public would be unacceptable. I do not believe that it is necessary for the board members to resign or for their terms to expire before an impartial hearing could be held to resolve the charges against Mr. Dahlinger. An impartial hearing examiner, having conducted a fair hearing, provided a constitutionally antiseptic resolution to the dilemma present in this case.

The defendants have moved for a dismissal of this action, and the plaintiff urges that his claim for monetary damages should bar it. In my judgment, there are no circumstances under which the plaintiff would be entitled to damages in this federal action. It is noted that the plaintiff remained in pay status pending a pre-termination hearing which complied with due process requirements.

Therefore, it is ordered that the plaintiff's application for a restraining order be and hereby is denied.

It is also ordered that the defendants' motion for dismissal be and hereby is granted.