Richard M. JENNER, Plaintiff,

v.

The BOARD OF TRUSTEES OF the VIL-
LAGE OF EAST TROY et al.,
Defendants.

No. 74-C-342.

United States District Court,
E. D. Wisconsin.

Dec. 20, 1974.

Braden & Olson by John Olson, Lake
Geneva, Wis., for plaintiff.

Korf, Pfeil & Graves, by John P.
Graves, Jr., Elkhorn, Wis., for defend-
ants.

DECISION AND ORDER

MYRON L. GORDON, District Judge.

The plaintiff seeks a preliminary in-
junction reinstating him as chief of po-

lice for the village of East Troy, Wisconsin, on the grounds that his pretermination hearing violated due process. The defendants have moved to dismiss, or alternatively, to strike certain portions of the complaint. I conclude that a preliminary injunction should be granted to the plaintiff, and that the defendants' motions should be denied.

On February 13, 1974, the village attorney caused a notice to be served upon Mr. Jenner, setting forth that the village police commission—composed of three members of the village board of trustees—had submitted a list of 13 charges to the village board of trustees on February 12, 1974, together with a recommendation that the board review the charges and consider the question of his retention as chief of police. By such notice, Mr. Jenner was also advised that the board had resolved to conduct a hearing on the question of retention. The charges were set forth and the hearing date and time were indicated, together with the location. In addition, Mr. Jenner was advised as follows:

> "you may be present at the hearing, you may be represented by counsel of your choosing, you may cross-examine witnesses, you may present witnesses on your behalf, you may present other evidence on your behalf, and do and accomplish all acts and pursue all procedures permitted and required in the exercise of due process of law."

Finally, the notice provided that if Mr. Jenner had any questions, he or his attorney should contact the village attorney.

On March 18, 1974, a pre-termination hearing was conducted before a quorum of the village board of trustees, consisting of four of its seven members. As of August 5, 1974, the date of the actual termination vote, only three of the trustees who had heard the evidence were in office.

The plaintiff is entitled to a due process hearing. See Dahlinger v. Town Board of Delavan, 381 F.Supp. 474 (E.D.Wis.1974). The plaintiff claims that he was denied due process because 1) "the 'charges' . . . are vague and do not properly and adequately inform him of what it is he is suppose to have done"; 2) "no subpoena power existed at such hearing"; 3) "the 'charges' fail to advise him of what rule or law he is suppose to have violated"; 4) "the procedure fails to provide for judicial review"; and 5) "the defendant Village Board and the defendant members of the Village Board as a matter of law and fact do not constitute a fair and impartial finder of fact and decision maker . . . ." In my judgment, there is merit to his fifth claim only, at least insofar as the manner in which that body acted on August 5, 1974.

With respect to the plaintiff's challenge to the sufficiency of the written charges, it should be noted that he was represented by counsel and that the record fails to indicate whether he or such counsel sought clarification of the list of charges prior to the hearing. His second allegation, that "no subpoena power existed at such hearing," is also unsupported. Section 885.01(3), Wis.Stats. (1971), provides that such a subpoena may be signed and issued by "the chairman of any committee of any . . . village board." Nothing in the record suggests that Mr. Jenner or his attorney requested the issuance of such subpoena in connection with these proceedings or that such a request was denied.

In my opinion, the plaintiff's third objection—that the " 'charge' failed to advise him of what rule or law he is suppose to have violated"—also falls short of stating a due process deprivation. Section 4.01(3) of the village code of the village of East Troy provides that the chief of police "may be removed at any time *for cause* by a majority vote" of the members of the village board. (emphasis supplied). Legal cause sufficient to justify his termination may exist where the conduct of a public employee affects the administration of his office and the public interest both substantially and adversely. This is so even though such conduct may not

constitute the violation of any rule or law.

■ Mr. Jenner also urges that he was deprived of due process to the extent that the pre-termination hearing "procedure fails to provide for judicial review." However, the defendants observe that where, as here, the village board acts in a quasi-judicial capacity, its proceedings may be reviewed by the circuit court upon an application for certiorari. See Marquette Savings & Loan Association v. Village of Twin Lakes, 38 Wis.2d 310, 156 N.W.2d 425 (1968); State ex rel. Kaczkowski v. Fire & Police Com'rs, 33 Wis.2d 488, 148 N.W.2d 44, 149 N.W.2d 547 (1966); State ex rel. Ball v. McPhee, 6 Wis.2d 190, 94 N. W.2d 711 (1958); see also, § 252.04, Wis.Stats. (1971).

■ The remaining—and determinative—issue is whether, as constituted for purposes of these pre-termination proceedings, the village board qualified as an independent decision-maker. Larkin v. Withrow, 368 F.Supp. 796 (E.D. Wis.1973), probable jurisdiction noted, 417 U.S. 943, 94 S.Ct. 3066, 41 L.Ed.2d 664. The record indicates that four trustees were present at the March 18, 1974, termination hearing. However, only three of them held office on August 5, 1974, the date of the termination vote. One of those three trustees was a member of the village police commission; moreover, he had testified against Mr. Jenner.

In Larkin v. Withrow, 368 F.Supp. 796 (E.D.Wis.1973), probable jurisdiction noted, 417 U.S. 943, 94 S.Ct. 3066, 41 L.Ed.2d 664, a three-judge court determined that § 448.18(7), Wis.Stats. (1971), was unconstitutional insofar as it permitted the state board of medical examiners temporarily to suspend a doctor's license at its own contested hearing on charges evolving from its own investigation. There, as here, the procedure complained of failed to provide for "the intervention of an independent, neutral and detached decision-maker." 368 F. Supp. at 797.

I doubt that the mere fact that a village trustee happens also to be a member of the village police and fire commission is sufficient, standing alone, to require his disqualification from the decision-making process. Indeed, the extent to which at least two of the three trustee-commissioners was involved in the investigation and initiation of the charges against Mr. Jenner is unclear from the record. However, it is clear that the trustee who testified against Mr. Jenner—and who also happened to be a police commissioner—does not qualify as an "independent, neutral and detached decision-maker." Either he should not have participated in the termination decision process, or some other technique should have been employed to assure the public employee a fair hearing as to the charges against him. See the recent decision of this court, dated December 19, 1974, in Dahlinger v. Town Board of Delavan, 381 F.Supp. 474 (E.D.Wis.1974).

■ The defendant village board has moved to dismiss on the grounds that it is not a proper party to an action under 42 U.S.C. § 1983. Because jurisdiction is also alleged under 28 U.S.C. § 1331, however, the defendant village board's motion to dismiss should be denied. City of Kenosha v. Bruno, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973).

■ The individual defendants claim that they are "immune from action for damages by virtue of their elected positions." In addition, the defendants Kurtz, Cotter, Riese and Zaeske claim that this action should be dismissed against them because they "did not participate in the hearings, deliberations and determinations" which the plaintiff alleges in his complaint gave rise to the claim. However, in their capacity as members of the defendant village board, the individual defendants will be required to implement any orders of this court which are made in connection with these proceedings. Consequently, their motions to dismiss should be denied.

I have examined the defendants' motions for more definite statements and to strike all or portions of the complaint. In my opinion, such measures are not required. Motions for more definite statements do not constitute substitutes for discovery. The motions to strike appear to be argumentative.

Therefore, it is ordered that the defendants are preliminarily enjoined affirmatively to reinstate the plaintiff either to the status he enjoyed prior to the termination vote of August 5, 1974, or to a suspended status, with pay.

It is also ordered that a pre-termination hearing be held within 90 days before at least four impartial members of the village board or before another detached and neutral tribunal.

It is further ordered that the defendants' motions to dismiss be and hereby are denied.

It is further ordered that the defendants' motions for more definite statements and to strike be and hereby are denied.