Joanne V. MUKA et al., Plaintiffs,

v.

NICOLET PAPER COMPANY et al., Defendants.

No. 77–C–476.

United States District Court,
E. D. Wisconsin.

June 14, 1978.

Flatley & Jacques by Robert H. Flatley and John C. Jacques, Green Bay, Wis., for plaintiffs.

Quarles & Brady by Laurence E. Gooding, John W. Daniels and Bruce R. Bauer, Milwaukee, Wis., for Nicolet Paper.

Benjamin Wyle, Atty., New York City, for Local 6288.

DECISION and ORDER

MYRON L. GORDON, District Judge.

This action is before me on the motion of the defendant Local # 6288 of the United

Paperworkers International Union to dismiss the complaint in this action. The motion will be granted.

This is an action for damages and injunctive relief by three present and three former employees of the defendant Nicolet Paper Company—Division of Milprint, Inc., purportedly on behalf of a class, alleging that the company and the defendant union have pursued and are presently pursuing employment practices and policies that discriminate on the basis of sex and race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. Jurisdiction is alleged to exist under 28 U.S.C. § 1343(4) and 42 U.S.C. § 2000e–5(f).

The union's motion to dismiss urges that this action must be dismissed as to it for lack of subject matter jurisdiction because there is no allegation that the union committed an unlawful act within the jurisdictional time period set forth in 42 U.S.C. § 2000e–5(e). The motion also asserts that the complaint fails to state a claim upon which relief may be granted because it does not allege that the plaintiffs are or were members of the defendant union, or that they have sought positions with the defendant employer within the union's bargaining unit. These pleading deficiencies are claimed to establish that none of the plaintiffs have standing to assert a claim against the union.

The allegations of the complaint which refer to the union allege that it "has pursued and is presently pursuing a policy, custom and usage of discriminating against females as a class with respect to hiring in job classifications and with respect to promotional transfer opportunities" (¶ 9) and that the union's "policies and practices were intended to and will have the effect of discriminating against the plaintiffs and others of their class with respect to hiring, job classifications and promotional transfer opportunities solely because of their sex." (¶ 10). The complaint also alleges that the union was named with the employer in charges brought before the Equal Employment Opportunity Commission.

On a motion to dismiss, the factual allegations of the complaint must be taken as true and reasonable inferences from these facts must also be accepted. *Illinois Migrant Council v. Campbell Soup Co.*, 519 F.2d 391 (7th Cir. 1975). Also, special solicitude must be shown to a complaint under the Civil Rights Act when considering a motion to dismiss. *Kelly v. Wisconsin Interscholastic Athletic Association*, 367 F.Supp. 1388 (E.D.Wis.1974). However, accepting the allegations of the complaint as true, I am nevertheless unable to find that the plaintiffs have suffered "a distinct and palpable injury" as a result of anything done by the union. *Warth v. Seldin*, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). For example, I do not believe that it is reasonable to infer from the facts alleged that the plaintiffs are members of the defendant union, that they applied for positions with the defendant employer that are within the union's bargaining unit, or that the allegedly unlawful policies or practices of the union dissuaded the plaintiffs from applying for such employment position.

The plaintiffs argue that "reasonable inferences can be drawn that both defendants furthered the allegedly discriminatory practices. The nexus or connection being the affect of formal and informal agreements between the defendants on the plaintiffs." The problem with this argument, as aptly stated by another court in a similar case, is that

". . . plaintiffs attempt to leapfrog that vital threshold question and reach the merits of the case without establishing their right to do so. There is no question that a plaintiff with the requisite standing could challenge those provisions of the collective bargaining agreements. But a plaintiff who lacks standing will not be permitted to litigate the merits of the controversy, since in so doing he would be seeking redress for injuries done to others rather than to himself." *Jones v. United Gas Improvement Corp.*, 383 F.Supp. 420, 434 (E.D.Pa.1974).

In *Jones* the court dismissed for lack of standing an action against a union charging race discrimination under 42 U.S.C. § 1981 by the employer and several unions because none of the plaintiffs had any connection with the unions or their designated bargaining units. I believe that the same result for the same reason should apply here.

The fact that this action is brought as a class action cannot improve the plaintiffs' position. Although persons who have not filed charges before the commission may join as co-plaintiffs or as class members in a civil action with the plaintiffs who have filed charges before the commission, the only issues which may properly be considered in the suit are those which the charging parties before the commission had standing to raise. *Bowe v. Colgate-Palmolive Co.*, 416 F.2d 711, 720 (7th Cir. 1969); *Oatis v. Crown Zellerbach Corp.*, 398 F.2d 496, 498 (5th Cir. 1968).

Since lack of standing raises an issue of subject matter jurisdiction, the complaint will be dismissed, with leave to amend, against the union on that basis rather than for failure to state a claim upon which relief may be granted.

Therefore, IT IS ORDERED that the defendant union's motion to dismiss be and hereby is granted, with leave to amend.